UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
: 
WILLIE D. ORR,  : CASE NO. 1:08-CR-151
    a/k/a WYLEE ORR  :
: 
    Petitioner,  :
: 
    v.  : OPINION & ORDER
: [Resolving Doc. No. 70]
UNITED STATES OF AMERICA,  :
: 
    Respondent.  :
: 
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On June 23, 2010, five days after this Court sentenced Petitioner Willie Orr to 57 months' imprisonment for having been a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), the Cuyahoga County, Ohio, Court of Common Pleas vacated one of Orr's prior state convictions. That conviction—for failing to comply with an order or signal of a police officer—had added three criminal history points at Orr's federal sentencing and moved Orr from a Criminal History Category IV to a Criminal History Category V. Orr now asks to be resentenced, pointing out that excluding, among other things, his now-vacated Cuyahoga-County conviction from his criminal-history calculation results in a reduced guidelines range. The Court agrees, and will grant Orr's 28 U.S.C. § 2255 petition.

Case No. 1:08-CR-151
Gwin, J.

I.

Before turning to the merits of Orr's petition, the Court notes one procedural complication: On June 23, 2010, Orr appealed his sentence to the United States Court of Appeals for the Sixth Circuit. *See* [Doc 56.] Ordinarily, the filing of a notice of appeal divests the district court of jurisdiction. Indeed, this Court said as much in its August 9, 2010, order denying Orr's motion for resentencing. *See* [Docs. 63, 66.] So in a case like Orr's—where a Defendant files "a § 2255 application for relief during the pendency of [his] direct appeal"—a district court generally is "precluded from considering" that application. *Capaldi v. Pontesso*, 135 F.3d 1122, 1124 (6th Cir. 1998) (collecting cases). With one exception: "extraordinary circumstances." *Id.*

The circumstances of this case are "most unusual." *Jack v. United States*, 435 F.2d 317, 318 (9th Cir. 1970) (per curiam). Orr began serving his federal sentence in June 2010, about 17 months ago. In addition, Orr had already served some 28 months in state prison on his now-vacated Cuyahoga-County conviction. It appears that the Bureau of Prisons has decided to credit a large portion of those months toward Orr's federal sentence.[1]/ Accordingly, Orr's counsel represents, Orr is scheduled for release on May 24, 2012, just six months from now.

Consistent with *Custis v. United States*, 511 U.S. 485, 497 (1994), the proper remedy (other than a direct appeal) for correcting a federal sentence is a § 2255 petition. Normally, a petitioner will wait to file such a petition until after his direct appeals have been exhausted. Because if he doesn't wait, the district court almost certainly will have to dismiss. *See Capaldi*, 135 F.3d at 1124. And normally, waiting for the appeals process to resolve imposes no hardship on the petitioner. Direct

---

[1]/Orr was sentenced to two years' imprisonment on the Cuyahoga-County conviction. It seems that the Bureau of Prisons has awarded Orr some additional credit either for the time he was held prior to his guilty plea in that case or for other reasons.

-2-

Case No. 1:08-CR-151
Gwin, J.

appeals on even relatively short sentences are likely to be concluded by the time the defendant is eligible for release and many defendants will be able to press their sentencing arguments in the appellate courts on direct review. But that is not the case here.

At the time of Orr's sentencing, his Cuyahoga-County conviction was still on the books. He therefore could not (though he tried to) argue that the conviction should not count towards his criminal history. See *Custis*, 511 U.S. at 497. Nor can he now make that argument to the court of appeals. It depends on a fact not in the record at sentencing—the voiding of his Cuyahoga-County conviction. See Fed. R. App. P. 10(a). Moreover, Orr's direct appeal almost certainly will not be concluded by his May 2012 release date. In fact, the Sixth Circuit is holding Orr's appeal in abeyance pending this Court's resolution of his § 2255 petition. See Order, *United States v. Orr*, No. 10-3803 (6th Cir. 2010). So unless this Court considers Orr's petition now, it is likely that no court will hear his argument for a reduced sentence before he is released.

What's more, a proper recalculation of Orr's criminal history—*i.e.*, a calculation excluding his Cuyahoga-County conviction—reduces his guideline range from 57 to 71 months' imprisonment down to a range of 46 to 57 months' imprisonment.[2/] So if the Court were to resentence Orr at the low end of the guidelines range, as it did last time, Orr *might* be eligible for immediate release.[3/]

The Sixth Circuit has paused to allow this Court to act. That makes sense when, as here, a favorable ruling on Orr's petition will "render his direct appeal moot." Motion to Stay Direct Appeal

---

[2/]If Orr's now-voided 2002 Geauga-County robbery conviction and sentence are also excluded, his guidelines range drops even further. At this point, however, it is not clear that this conviction "ha[s] been reversed or vacated because of errors of law or because of subsequently discovered evidence exonerating the defendant, or . . . ha[s] been ruled constitutionally invalid . . . ." U.S. Sentencing Guidelines Manual § 4A1.2 cmt. n.6 (2010)

[3/]The Court pauses to caution that it cannot be sure how Orr's resentencing will play out. His sentence will depend on a number of factual findings the Court is not now equipped to make, and will, as always, require careful consideration of the factors listed in 18 U.S.C. § 3553(a).

Case No. 1:08-CR-151
Gwin, J.

Pending Outcome of State Appeal, at 3, *United States v. Orr*, No. 10-3803 (6th Cir. 2010); *see Cochran v. Birkel*, 651 F.2d 1219, 1221 (6th Cir. 1981) ("[A] district court retains jurisdiction to proceed with matters that are in aid of the appeal."). It would be a total waste of government resources for this Court to deny Orr's petition at this stage, only to kickstart an appellate proceeding which could not even address—much less solve—this problem.[4] That winding course leads right back here, to the issue raised in Orr's § 2255 petition, and all but assures that Orr will serve some period of unwarranted incarceration.

This being a rare, extraordinary set of circumstances, the Court will entertain Orr's petition.

II.

The merits of Orr's petition are much simpler. This Court assessed Orr three criminal-history points for his Cuyahoga-County conviction. Five days later, the Cuyahoga County Court of Common Pleas vacated that conviction because "the Double Jeopardy Clause [of the United States Constitution] precluded the prosecution." [Doc. 70-2, at 4.] Orr says that his current federal sentence, imposed in reliance on that now-vacated state conviction, violates federal law. The Court agrees.

"[A] defendant given a sentence enhanced for a prior conviction is entitled to a reduction if the earlier conviction is vacated." *Johnson v. United States*, 544 U.S. 295, 303 (2005); *see United States v. Aguilar-Diaz*, 626 F.3d 265, 269 (6th Cir. 2010) ("This court has recognized that *Custis* applies not just to enhancements under the Armed Career Criminal Act, but also to enhancements under the sentencing guidelines."). Here, Orr's sentence was based on a guidelines range that, it turns

---

[4] Orr could, of course, dismiss his appeal. In that case there would be no question that this Court could act on his petition. But Orr should not be required to forfeit any issues he may have on direct appeal, solely to obtain timely review of the propriety of his sentence.

Case No. 1:08-CR-151
Gwin, J.

out, was incorrect.  "Sentences resulting from convictions that . . . have been ruled constitutionally invalid in a prior case are not to be counted."  U.S. Sentencing Guidelines Manual § 4A1.2 cmt. n.6 (2010).  As noted above, once Orr's Cuyahoga-County conviction is excluded, his guidelines range drops from 57 to 71 months' imprisonment down to 46 to 57 months' imprisonment.  Because the Court used what we now know to have been an incorrect guidelines range, Orr is entitled to be resentenced.

Notably, the government does not argue that Orr's petition is without merit.  Rather, of the reduced sentencing range, the government says, in effect, "So what?"  "[T]his Court's sentence of 57 months imprisonment is still within the Guideline range." [Doc. 74, at 8.]  That is true.  Nevertheless, the Court considered the (improper) guidelines range as one factor when it selected Orr's sentence, and it will consider the (proper) range at resentencing.  The Court cannot now say what effect the recalculation will have.  That is a matter to be determined after a full hearing.

III.

For these reasons, the Court **GRANTS** Orr's petition.  The Court will set a sentencing date in short order.

IT IS SO ORDERED.


Dated: November 22, 2011                    s/        *James S. Gwin*
                                            JAMES S. GWIN
                                            UNITED STATES DISTRICT JUDGE